**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001043
26-DEC-2013
08:19 AM**

NO. CAAP-11-0001043

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
NOLAN K. CRABBE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 08-1-2331)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Nolan K. Crabbe (Crabbe) appeals from the Judgment of Conviction and Sentence, entered on October 14, 2011 in the Family Court of the First Circuit (Family Court).[1]

Crabbe was found guilty of two (2) counts of Violating a Temporary Restraining Order, in violation of Hawaii Revised Statutes (HRS) § 586-4 (Supp. 2008).

On appeal, Crabbe contends the Family Court erred by denying his motion to dismiss the charges as de minimis violations.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Crabbe's point of error as follows:

---

[1]     The Honorable Patrick W. Border presided over the motion to dismiss.  The Honorable Jeannette H. Castagnetti presided over the trial.

This case involves violations of a restraining order obtained by Crabbe's brother, who was the live-in caretaker for their parents. The restraining order protected not only Crabbe's brother, but anyone living with him. In pursuing his motion, Crabbe argued that the violations were de minimis because they occurred when he took his mother to and from church.[2]

A defendant's conduct may be a de minimis infraction under HRS § 702-236(1)(b) (1993) if it "[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]"

In Rapozo, the supreme court stated:

> We have recognized previously that it is the defendant's burden to place "all" of the relevant attendant circumstances before the trial court, and to establish why dismissal is warranted in light of those circumstances. See, e.g., State v. Park, 55 Haw. 610, 616, 525 P.2d 586, 591 (1974); State v. Viernes, 92 Hawai'i 130, 134, 988 P.2d 195, 199 (1999) (quoting State v. Vance, 61 Haw. 291, 307, 602 P.2d 933, 944 (1979)).

State v. Rapozo, 123 Hawai'i 329, 331, 235 P.3d 325, 327 (2010).

All the relevant attendant circumstances must be considered by the court. Id. at 337-38, 235 P.3d at 333-34. Appellate review of the court's determination under the de minimis statute is for abuse of discretion. State v. Park, 55 Haw. 610, 617, 525 P.2d 586, 591-92 (1974).

Crabbe presented his conduct through his attorney's declaration and memorandum in support of the motion to dismiss. Crabbe offered no further evidence or testimony to corroborate the asserted explanation. Rapozo at 345, 235 P.3d at 341. On appeal, Crabbe concedes that his "actions caused the harm or evil sought to be prevented," but argues that "it was too trivial to warrant the condemnation of conviction." Crabbe does not explain

---

[2] Crabbe's citation to trial testimony in his appeal is not relevant to whether the Family Court properly denied his motion to dismiss. The Family Court denied his motion to dismiss prior to trial. Crabbe did not renew his motion after trial testimony was concluded. Thus, Crabbe failed to bring this evidence to the Family Court's attention in pursuing his motion to dismiss. As a result, this court will only consider the facts and circumstances proffered in Crabbe's motion and argument at the hearing on the motion.

why his actions were too trivial to warrant conviction for violating a TRO twice in the same day. Crabbe failed to carry his burden of establishing that his conduct was a de minimis violation, pursuant to HRS § 702-236. Therefore, the Family Court did not abuse its discretion when it denied his motion to dismiss. Rapozo at 348, 235 P.3d at 344.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, entered on October 14, 2011 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 26, 2013.

On the briefs:

Harrison L. Kiehm
for Defendant-Appellant.

Presiding Judge

Sonja P. McCullen
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3